Our last case for argument today is Appeal No. 25-2367, Grindling v. Cathay Pacific. Court, Dale Saron or Saron for Plaintiff Appellant Abraham Grindling. This case asks simply whether the district court erred in dismissing appellant's 88 claims with prejudice at the 12B6 stage. The answer is yes for three independent reasons, any one of which requires reversal. First of all, NOIRA controls. Second, RLA preclusion, at least as the district court envisioned it, was overbroad and was error. And third, the plaintiff more than sufficiently pleaded a qualifying disability at the 12B6 stage. So first to turn to NOIRA. On April 1st- Mr. Saron, before you go any further, did you have anything to do with preparing the briefs, the brief in this case? No, Your Honor. I was admitted to the 11th Circuit a whopping 11 days ago. I mean, excuse me, the 7th Circuit 11 days ago. And so NOIRA's brief was filed back in November. It makes no mention of NOIRA. In fact, the brief really doesn't mention much by way of relevant case law on any issue. Could you explain to us how this satisfies the rule of repellent procedure 28A8 concerning what an argument in a brief needs to contain? Your Honor, it certainly qualifies under the, which we're going to get into on our third argument that I mentioned, that the court's treatment under Iqbal, Twombly, and how it, what it did under 12B6, it certainly raises that issue, but the- Well, I'm looking, it does raise the issue and it does cite Iqbal and Twombly. I'm just, I'm looking for anything that actually engages with the district court that's reasoning in the brief. Well, Your Honor, it certainly does in saying that the district court erred by dismissing on the pleadings, that the pleadings had more than- That's a conclusion and basically a prayer. I was looking for an argument. Your Honor, I'll note that that council is under a suspension order and may be disbarred now. I haven't followed up, but that's what brings this council to be standing before you right now. And if Your Honor would like an additional, I mean, it's part of why there was no reply brief as well. And that was- The question as well, but whether you can write it in and save the day with entirely new arguments. Well, Your Honor, I would, I would say this, that SILDI trial plaintiffs are pretty good counsel, counsel. Can you hear me? Can you hear me? Yes, we can hear you. Can you, can you hear us? I'm trying to understand. Yes, I can. Okay. I'm trying to understand whether, I'm trying to understand reasons why we should overlook the complete failure to put together coherent arguments in the only appellate brief that was filed. Yes, Your Honor. And if I could address that, what appellate courts do is look at what was before the judge, not whether plaintiff's trial counsel was silly or fortunately maybe, appellate courts look at under 12B6, it's a de novo review, and so the analysis is not, was trial counsel foolish or even did the appellate counsel properly address everything that the court's analysis is, what did the court have before it? And what did the court do with it? Fundamentally, de novo review. And under these facts on, and, and specifically to Nuwara, Your Honor, that case didn't get decided until after briefing had already included, uh, concluded at the trial level. Briefing was done. That's not the point. It had been decided well before the appellate briefing. And you bring it to us a couple of days before your argument. Yes, Your Honor. And, but that again, if it were a pro se plaintiff as Freeman or other cases this court has had, this court wouldn't say, well, tough luck. The, the, the, what the court is looking at is did the judge at the time, should the judge have looked at Nuwara and said on the faxes they were pleaded and the faxes pleaded clearly raised the Nuwara issue of a prohibited medical inquiry. It's all over. Why is this a prohibited medical inquiry? Would seem to me that whether a, whether a pilot in a, in a cockpit, um, has a really contagious disease or has been vaccinated against, it sounds pretty job related to me. Well, that may be Your Honor at, at the end of the day, but that's an affirmative defense that the appellant, excuse me, that the appellee raises, but it's certainly not at the pleading stage. The judge doesn't get to defy that again. Iqbal and Twombly, Twombly clearly say that we're not testing the merits. We're testing just the sufficiency of the complaint. And here the plaintiff's complaint at both it's, it, there's an entire section devoted to the improper medical inquiry. And if Freeman gets his day in court on his alcoholism and what amounts to a naked assertion that, that, uh, I'm an alcoholic and they fired me because of it. And this court was very clear in that case that judges, trial judges should not require too much specificity. That's what this court's reasoning was. And again, if Sperling, another case versus CNM fine pack, this court overturned a rule 56 motion for summary judgment where, and it's hard to see how that's not on four corners with this case, which is CNM fine pack involved a doctor's note. And this court overturned the trial judge and said, you cannot turn, allow employers to turn a blind eye in the face of where you had just like this, a doctor's note saying, and of course then there's the, the, uh, appellee's own participation within the process where it parrots the exact language out of the ADA section 12, one 15 or two 15 in the post, uh, Sutton amendments, the 2008 post Sutton versus United Airlines amendments, Congress explicitly included, uh, episodic impairments. And so the use of vaccination status as a term, it's error. It's clear the, it conflates the, the accommodation with the underlying condition. The underlying condition is anaphylaxis. It's an allergic reaction. It was a presently existing condition. And what the court did by using the term vaccination status, it says, well, you could have just not taken it, but that's the accommodation avoiding the avoiding the toxic exposure. We don't refer to the courts, don't refer to a throw, throw plaintiffs out who have a latex allergy and say, well, your glove wearing status, and I'm not trying to be flippant, but the same thing is true here. If, if Sperling's narcolepsy is, is acceptable and gets over the hump, then this clearly does. And your honors, this court has said in Freeman citing to the 29 CFR 1630.29, the ADA's amendments expressly added episodic conditions and impairment that is episodic or enriched in remission is a disability. If it would substantially limit a major life activity when active, the court erred, did not consider that. And so that, that's, that's error on de novo review. Am I understanding correctly that all of the provisions that you've just cited to us and the case law that you've just cited us are absent from the appellant's brief. That's correct. They are absolutely. Thank you. I, um, I'd like to move on quickly and then I'll, I'll reserve with a minute and a minute, uh, this court, uh, the Supreme Court have, have clearly addressed. This was not a, a minor dispute requiring CBA interpretation. It's an independent federal statutory claim under the ADA. The Supreme Court has held this in Lingle versus Norwich 486 U.S. 399 and Hawaiian airlines, uh, Inc. versus Norris 512 U.S. 246. And this court has applied that principle going from 94 in Westbrook versus Sky Chefs, 35 Fed Third, 316, all the way through the case that the, the appellant's site, appellee's site, Hofstede, which, uh, a recent 2025 case where this court citing Carlson, uh, Carlson versus CSX transport said that if the CBA is merely relevant, relevant, but not dispositive to the claim, then judicial resolution is not precluded. And generally the RLA does not require arbitration of claims asserting rights established by state or federal law, independent of C, CBA. So the, the, the court, uh, made legal error on it. The facts were clear there. Thank you. I'll reserve the remainder. Thank you. Okay. Mr. Rosenman. May I please the court, Andrew Rosenman of Mayor Brown on behalf of Cafe Pacific and a special hello to my former colleague from decades ago, Judge Kolar. Um, Judge Hamilton hit the nail on the head. Party can't come into court and start making new arguments in an oral argument three days after submitting a rule 28 J letter that changes the fundamental theory of the case. If we go back and look at what the, um, plaintiff alleged from the beginning of the case, it was that he had a disability and that's reflected in his EOC charge, which is, uh, attached as supplemental appendix page 40, where he says, I am an individual with an impairment, which substantially limits one or more major life activities. My doctor has recommended that I not take a COVID-19 vaccination because of my disability. Now, Mr. Saron seems to say that he didn't have a disability and it was improper for Cafe Pacific to ask him about the status of his vaccination. But Judge Ellis got it right at the district district court, and this court should affirm her decision in its entirety. Grindley can't establish a disability. There are three prongs by which he could do that. He could establish an actual disability, a record of disability, which he's never alleged, or that he was regarded as having a disability. On appeal, he hasn't challenged whether or not he was regarded as having a  So his only path would be to show that he has an actual disability. And he clearly fails there too, because he never alleged that his risk of anaphylaxis, which Judge Ellis rightly noted may not even be a disability itself or a sufficient medical condition to rise to the level of a disability, doesn't substantially limit one or more of his major life activities in any event. And absent that threshold element, he can't establish a claim under the ADA. There are plenty of medical conditions, Your Honors, that don't rise to the level of disability. A risk of anaphylaxis is one. So is diabetes, epilepsy, Crohn's disease. There are all sorts of conditions that are medical impairments in one respect. But absent an allegation that it substantially limits one or more major life activities, Grindley can't establish a claim. Let me briefly address the noir. case. That was a case where the court relied on a different section of the ADA, Section 12.1.12.D.4.A. And what's important about that provision is it's never been alleged prior to the supplemental filing that was submitted three days ago. Grindley filed a 29 page original complaint. He filed a 29 page first amended complaint. In paragraph 36 of his first amended complaint, he specifically references Section 12.1.0.2.1 of the ADA, which is the provision that identifies a disability. And in his prayer for relief in paragraph one, he said that CAFE violated the ADA by discriminating against and failing to accommodate Grindley's quote unquote medical disability. So to now come in to court at oral argument and say, oh, no, no, I never had a medical disability, but it was improper for the airline to have asked me about my vaccination status doesn't satisfy the requirements of his pleading burden. And it's inconsistent with the position he's taken throughout the proceeding. It wasn't Judge Ellis's burden to guess the theory by which Grindley was seeking to pursue at the district court. And it certainly isn't this court's burden to try to accept an 11th hour, untimely and unpersuasive argument by Grindley as to Noira. Counselor, we've got waiver forfeiture, party presentation, all sorts of issues, compliance with the rules, but none of that applies to our jurisdictional analysis. And you argued below, granted there was a, this was before Hofstadt came out, that the district court lacked jurisdiction since the ADA claims were a minor dispute. Walk us through our current jurisdictional analysis. So that issue wasn't appealed by Grindley with respect to whether or not it was a major or minor dispute that arose. Don't we still have an independent obligation to look into that to assure jurisdiction? Well, with respect to the appeal, I would say he's not arguing that. So there is jurisdiction, I think, under the ADA insofar as he alleged a claim for disability discrimination and failure to accommodate. Sure. And he exhausted that allegation by timely filing an EEOC charge. So I think there's jurisdiction in that respect. The EEOC charge, of course, doesn't refer, and this is maybe a segue into his second theory, doesn't allege at all anything about the Railway Labor Act claim. And there is no obligation to exhaust under the RLA. So he can't use his EEOC theory to essentially say, well, you know, the RLA claim is timely even though he didn't file it within six months because I had a pending EEOC charge. I'm sure this court is familiar with the fact that in the context even of Title 7, you're not entitled to toll or otherwise excuse a failure to allege even a different type of discrimination claim if it's not reasonably related to the claim that's been alleged. So, for example, if you allege sexual harassment under Title 7, that doesn't excuse your failure to allege race discrimination. Here, Grindley wants to take it even a step further by saying, well, because I filed an EEOC charge with respect to my ADA claim, therefore the court should excuse and toll my RLA claim, about which he had knowledge in April of 2022 when the president of the union, John Frederick, said to Grindley, we don't feel that we have any obligation to pursue this on your behalf. That's when the six month clock started to run. And instead, what Grindley did was wait until August of 2023, 16 months later, to file his initial complaint, which, by the way, included no allegations under the RLA. And only in October of 2024, two and a half years after he received notice from the USAOA, did Grindley seek to add in his RLA claim. And Judge Ellis said that even if we assume it relates back to the initial filing of the amended, of the original complaint in August of 2023, that's still 16 months after he was on notice. His RLA claim is untimely for that reason as well. I think the most applicable case with respect to Narrawa, Narrawa, your honors, is Terry versus Gates, which we cited in the opposition we filed yesterday, where this court said essentially you can't come into court four days before oral argument, present a new argument that you didn't present to the district court and that you didn't raise in your opening brief. Now, it's true that the Narrawa case was decided after Grindley's brief in the opportunity to raise that through a request for a notice of supplemental authority, which Judge Ellis could have considered. And he did, he didn't do that. He had three opportunities. He could have raised it in the opening brief. He could have raised it in the reply brief, which they chose not to file. And Mr. Saron was counsel for Grindley in the trial court. So he's not coming into this case entirely new. I think the best example is the decision that Judge Hamilton authored in Bradley versus Village of University Park, which we cited extensively in the brief, where the decision goes into great detail about the many ways in which an appellant or an appellee can waive arguments by not raising them in a timely fashion, making perfunctory arguments and so forth. And this is sort of the prototype of that kind of an issue. Cathay shouldn't be penalized by having to guess, nor should Judge Ellis, by arguments that weren't raised in the court below. If the court doesn't have additional questions, we'll rest on our place. Okay. Thank you. Thank you, Rosa. Okay, Mr. Saron. Your Honor, we appear to be looking at two different complaints. And so I'd just like to briefly point out that Plaintiff Grindley alleged facts sufficient to meet Noir's requirement at the trial level. They were there. There's an entire section that, that 1B is labeled improper medical inquiry. The issue was raised, clearly raised. It couldn't have been pleaded because the, the Noir decision didn't come until after the briefs were already submitted. Now, this attorney had always learned that, that both parties are under obligation to, to notice the court if there's authority that's on point. But more importantly, this court is supposed to look at what the judge had in front of her at the time. And she clearly missed Noir. It was just three months prior that this court decided it. And that requires a remand alone. And as far as, oh, I see my time's expired, but he's always pleaded a qualifying disability. And we, and we think that Cathay Pacific below admitted it in their, in their own letterhead document to, to the EEOC. We're not sure how that doesn't meet the requirements of this court's case. Thank you. Okay. Thank you. Thank you to both counsel. The case will be taken under advisement and the court will be in recess.